**No. 47544.**—Protest 58343–K/90304 of Emil Deinert (Chicago).

Opinion by Oliver, P. J.   It appears that the sole use of these articles is in connection with mountings in rings, that they are adjusted, after importation, to fit the top of the ring in which they are to be used, and initials or designs are inserted in the holes which have been provided therein prior to importation.   The plaintiff testified that he had been importing these articles for a period of 8 years and they had always been classified as manufactures of mother-of-pearl at 35 percent under paragraph 1538 up to the time of the importation in question. The examiner also testified, in behalf of the plaintiff, that he had been classifying this merchandise for the past 5 years at 35 percent under paragraph 1538, pursuant to instructions issued by the Customs Information Exchange at New York. It was found, therefore, that the uncontradicted evidence establishes that prior to the instant importation it was "an established and uniform practice" to classify such merchandise under paragraph 1538.   While counsel for the plaintiff in their brief conceded that the merchandise is "parts of jewelry" and as such would be properly dutiable under the provision in said paragraph 1527 (a) (2) at the rate applied by the collector herein, it is contended that the assessment in the present case is illegal due to the fact that the Treasury officials did not comply with the provisions of section 6, Customs Administrative Act of 1938, in that no published notice was issued of a ruling to impose a higher rate.   The court's attention has not been directed to any such publication nor was it able to locate same after making a careful search.   It was found that there was no compliance with the provisions of section 6, Customs Administrative Act of 1938, and therefore the action of the collector is without legal force and effect.   *Robinson* v. *United States* (14 Ct. Cust. Appls. 209, T. D. 41705) cited.   On the record presented the merchandise in question was held dutiable at 35 percent under paragraph 1538 as claimed.